IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 14, 2011

## DONALD R. JETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 12146      Robert Crigler, Judge**

**No. M2011-00167-CCA-R3-PC - Filed September 19, 2011**

The pro se petitioner, Donald R. Jett, appeals the Bedford County Circuit Court's summary dismissal of his petition for post-conviction relief attacking his 2006 guilty-pleaded conviction of aggravated sexual battery for which he received a sentence of 12 years' incarceration to be served at 100 percent. On appeal, the petitioner argues that due process concerns require the tolling of the statute of limitations and that the post-conviction court denied him a full and fair hearing to address his claims. Discerning no error, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Donald R. Jett, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Frank Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that the Bedford County grand jury charged the defendant with one count of rape of a child and one count of incest for acts committed on November 23, 2000. On March 20, 2006, the petitioner pleaded guilty to an amended charge of aggravated sexual battery, and the incest charge was dismissed. The trial court sentenced the

petitioner to serve 12 years' incarceration at 100 percent.[1]

On September 7, 2010, the petitioner filed a pro se petition for post-conviction and/or habeas corpus relief alleging that the ineffective assistance of counsel rendered his guilty plea involuntary, that the trial court imposed an illegal sentence, that he was denied his right to allocution at the plea submission hearing, and that the trial court lacked jurisdiction to enter judgment in his case. In a separate memorandum of law, the petitioner made a broad allegation that due process considerations required the tolling of the statute of limitations in his case because he had been denied "Intelligent and Meaningful Access to the Courts." On September 24, 2010, the post-conviction court summarily dismissed the petition as time-barred.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id*. § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix,* 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the

---

[1] The record contains only the judgment of conviction. We are unable to determine whether the 12-year sentence was contemplated by the plea agreement and, therefore, agreed to by the petitioner, or whether the petitioner entered an open plea to the reduced charge and the trial court imposed sentence following a separate sentencing hearing.

time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992).

The petitioner filed his petition for post-conviction relief over four years after the judgment became final in his case – well beyond the one-year statute of limitations. Furthermore, the petition contains no factual basis to afford due process tolling of the statute of limitations. *See Nix*, 40 S.W.3d at 464. Additionally, as it relates to any of the petitioner's claims that may be viable via habeas corpus relief, we note that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Id*. In this case, the petitioner attached only the judgment of conviction to his petition, which, standing alone, reveals no signs of illegality.

Accordingly, we affirm the post-conviction court's order summarily dismissing the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE